## W. W. O'NEAL *et al. v.* J. H. BREECHEEN *et al.*

1. GUARDIAN AND WARD. *Evidence, parol.* The subsequent declarations of the intestate are incompetent to show a rescission of the gift or advancement. He is not then the owner of the thing given or advanced, having parted with his title and possession. He, as any other stranger, cannot by parol declarations relieve the donee of a charge for advancement.

2. WITNESS. *Competency of.* Children and heirs at law of a decedent are competent, under our statute, to prove the declarations of their ancestor at the time of placing them in possession of the property or estate with which they are sought to be charged as advancements.

3. SAME. *Duty of courts.* It is the absolute duty of courts to proceed cautiously in the construction of the statute allowing parties in interest to be witnesses in their own behalf.

4. ANCESTOR AND HEIR. *Parol gift to child of land.* The parol gift of a father to child is void, but to so much of the land as was held and

occupied by actual enclosure, and claimed adversely in the lifetime of the father under such gift, and for a period of seven years before the commencement of the suit, the child has acquired a possessory right, and will account for it at the value put upon it at the time of advancement.

Case cited: *Bowers* v. *Douglass*, 2 Head, 376.

FROM MARSHALL.

Appeal from the Chancery Court. WILLIAM S. FLEMING, Ch.

COLDWELL and WARDER for O'Neal.

R. WARNER for Breecheen.

TURNEY, J., delivered the opinion of the court.

Under the act of the Legislature of 1869–70, ch. 78, sec. 2, providing that "in actions or proceedings by or against executors, administrators or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward," etc., the children and heirs at law of Josiah Breecheen, deceased, are competent to prove the declarations of their ancestor at the time of placing them in possession of the property or estate with which they are sought to be charged.

The subsequent declarations of the intestate are incompetent to show a rescission of the gift or advancement. He is not then the owner of the thing given or advanced, having parted with his title and possession. He, as any other stranger, cannot by parol

declarations relieve the donee of a charge for advancement.

The record of proof in this cause demonstrates the absolute duty of courts to proceed cautiously in the construction of the statute allowing parties in interest to be witnesses in their own behalf.

The parties who were *sui juris* and signed the agreement of the amount of advancements, are, in this proceeding, bound by that agreement.

The guardian was not authorized to make any admissions against the interest of his wards, nor are they bound by such agreement of admission.

The parties signing the deed to Levi Breecheen for the tract of land claimed to have been given in parol by his father to him, and who were *sui juris* at the time of such signing, are, under the pleadings, bound thereby. The parol gift, if such were made, of the land was void; but to so much as Levi Breecheen held and occupied by actual enclosure, and claimed adversely, in the lifetime of his father, under such gift, and for a period of seven years before the commencement of this suit, he has acquired a possessory right, and will account for it at the estimated value put upon the land at the time of the advancement. 2 Head, 376.

Reverse the decree and remand the cause.